UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROYCE BAILEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. |
| TI AUTOMOTIVE LIGONIER CORP., d/b/a TI AUTOMOTIVE. | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Plaintiff, by counsel, and alleges against the Defendant as follows:

1. The Plaintiff is Royce Bailey, a resident of Allen County in the state of Indiana and claims that he was discriminated against and discharged on account of his age (61 years old at time of discharge) and on account of his disability (substantially impaired in breathing, remaining conscious, working, and other everyday life activities), in violation of the Age Discrimination and Employment Act of 1967, 29 U.S.C. § 621 *et. seq.* and the American's with Disabilities Act of 1990, 42 U.S.C. § 12111 *et. seq.* ("ADA"), as is detailed in the attached Amended Charge of Discrimination, No. 24D-2017-00043, made apart hereof and incorporated herein as Exhibit A.

2. All jurisdictional prerequisites have been satisfied in that the Equal Employment Opportunity Commission ("EEOC") issued a Dismissal and Notice of Rights/Notice of Suit Rights on or about May 23, 2017 (Exhibit B), in this Complaint has been filed within 90 days after receipt thereof.

3. The Defendant is TI Automotive Ligonier Corp., d/b/a "TI Automotive" which is

believed to be headquartered at 2020 Taylor Road, Auburn Hills, MI 48326. Plaintiff worked at TI Automotive's local production facility located at 1200 Baker Drive, Ossian, IN 46777. TI Automotive is an "employer" for purposes of the ADEA and the ADA.

4. Plaintiff worked for TI Automotive as an assembler from about February 2016 through the date of his suspension on or about October 18, 2016.

5. About one week prior to being suspended/discharged, Plaintiff had been in the hospital because of extreme and serious breathing problems. Plaintiff was suffering from a deprivation of oxygen which was caused by a heart condition. Plaintiff was prescribed medication which slowed down his heart and this resulted in Plaintiff becoming drowsy and passing out. Plaintiff was attempting to get his medications under control. Plaintiff was accused of following asleep at work when in fact he was suffering from symptoms associated with his disability and the medications he took for it. Plaintiff attempted to explain all of this to the Defendant. However, Defendant refused to engage in the interactive process and did not want to listen to the Plaintiff. In fact, Human Resources hung up on the Plaintiff in the middle of him trying to explain his disability and his request to adjust his medications.

6. Plaintiff contends that his discharge resulted from being discriminated against in violation of the ADA and that he suffered a retaliatory discharge for attempting to engage in the protected expression of obtaining a reasonable accommodation by engaging in the interactive process and attempting to explain his disability, the symptoms of his disability, and the effects of medication taken for his disability -- and

instead of listening to the Plaintiff, Defendant refused to even speak with him and summarily terminated him for attempting to reach out to the Defendant and engage in the interactive process to obtain a reasonable accommodations as the ADA requires that he do.

7. Defendant acted intentionally and in reckless disregard of Plaintiff's federally protected civil rights under the ADA, warranting an imposition of punitive damages.

8. As a result of Defendant's intentional discriminatory and retaliatory discharge, Plaintiff suffered a loss of his job and job-related benefits including income. Plaintiff experienced mental anguish, emotional distress, inconvenience, embarrassment, humiliation, financial distress, and other damages and injuries, for which Plaintiff seeks compensatory damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for compensatory damages, punitive damages, back pay, front pay, reasonable attorney's fees and costs, and for all other just and proper relief.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

CHRISTOPHER C. MYERS & ASSOCIATES

/s/ *(signature)*
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600